IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

KARLA VELASQUEZ
c/o 519 H Street NW
Washington, DC 20001

RONY ALBERTO PEREZ ORTEZ
c/o 519 H Street NW
Washington, DC 20001

GUSTAVO DIAZ
c/o 519 H Street NW
Washington, DC 20001

      Plaintiffs,

v.

STUBS, LLC
d/b/a LUPO VERDE
1401 T Street NW
Washington, DC 20009

      Defendant.

Civil Action No. _____

# COMPLAINT

## Introduction

1. Defendant employed Plaintiffs as kitchen laborers in its Washington, DC restaurant. Defendant paid Plaintiffs their regular hourly rate across all hours worked, including overtime hours.

2. Plaintiffs bring this action to recover damages for Defendant's willful failure to pay overtime wages, in violation of: the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

**Jurisdiction and Venue**

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant is a D.C. resident conducting business in this District, and because a substantial part of the acts or omissions giving rise to Plaintiffs' claims occurred in this District.

**Parties**

5. Plaintiffs are adult residents of the District of Columbia.

6. Defendant Stubs, LLC is a District of Columbia corporation that operates a restaurant called "Lupo Verde," located at 1401 T Street NW, Washington, DC 20009. Stubs, LLC's resident agent is DBM Registered Agent Services, Inc., 1110 Vermont Avenue NW, Suite 715, Washington, DC 20005.

**Factual Allegations**

7. Defendant owns and operates "Lupo Verde," located at 1401 T Street NW, Washington, DC 20009.

8. Defendant opened "Lupo Verde" for customers on approximately February 26, 2014.

**Factual Allegations Specific to Plaintiff Velasquez**

9. Defendant employed Plaintiff Velasquez from approximately February 26, 2014 through approximately February 5, 2016.

10. Defendant employed Plaintiff Velasquez as a line cook. Plaintiff Velasquez prepared customer orders, grilled meats and vegetables, and cleaned her work station.

11. Defendant paid Plaintiff Velasquez the following hourly rates across all hours worked:

| Approximate Dates | Hourly Rate |
|---|---|
| Feb. 26, 2014 – June 30, 2014 | $9.50 per hour |
| July 1, 2015 – Mar. 7, 2015 | $10.50 per hour |

| | |
|---|---|
| Mar. 8, 2015 – Feb. 6, 2016 | $11.00 per hour |

12.  Over the course of her employment with Defendant, Plaintiff Velasquez worked approximately 2,387 hours of overtime.

13.  Defendant owes Plaintiff Velasquez approximately $12,533.00 in unpaid overtime wages.

### Factual Allegations Specific to Plaintiff Perez

14.  Defendant employed Plaintiff Perez from approximately February 26, 2014 through approximately February 20, 2016.

15.  Defendant employed Plaintiff Perez as a dishwasher. In addition to washing dishes, Plaintiff Perez cleaned the kitchen and occasionally helped prepare food.

16.  Defendant paid Plaintiff Perez the following hourly rates across all hours worked:

| Approximate Dates | Hourly Rate |
|---|---|
| Feb. 26, 2014 – June 30, 2014 | $10.00 per hour |
| Jan. 11, 2015 – Feb. 20, 2016 | $11.00 per hour |

17.  Over the course of her employment with Defendant, Plaintiff Perez worked approximately 1,035 hours of overtime.

18.  Defendant owes Plaintiff Perez approximately $5,469.00 in unpaid overtime wages.

### Factual Allegations Specific to Plaintiff Diaz

19.  Defendant employed Plaintiff Diaz from approximately February 19, 2014 through approximately January 31, 2015.

20.  Plaintiff Diaz took a brief leave of absence from approximately April 1, 2014 through May 31, 2014.

21.  Defendant employed Plaintiff Diaz approximately one week prior to opening "Lupo Verde" for customers, in order to prepare the restaurant for business. Plaintiff Perez helped clean, set up, and organize the restaurant.

22. Defendant employed Plaintiff Diaz as a cook. Plaintiff Perez primarily baked pizzas and prepared pasta on behalf of Defendant.

23. Defendant paid Plaintiff Diaz the following hourly rates across all hours worked:

| Approximate Date | Hourly Rate |
| --- | --- |
| Feb. 19, 2014 – Mar. 31, 2014 | $11.00 per hour |
| May 1, 2014 – Jan. 31, 2015 | $13.00 per hour |

24. Over the course of her employment with Defendant, Plaintiff Diaz worked approximately 616 hours of overtime.

25. Defendant owes Plaintiff Diaz approximately $3,892.00 in unpaid overtime wages.

## General Factual Allegations

26. At all relevant times, Plaintiffs typically and customarily worked more than 40 hours in a workweek.

27. At all relevant times, Defendant did not pay Plaintiffs overtime wages.

28. Defendant always paid Plaintiffs with checks.

29. Defendant always required Plaintiffs to clock in and out of work.

30. Defendant assigned each Plaintiff an individual PIN to clock in and out of work.

31. At all relevant times, Defendant paid Plaintiffs their regular hourly rates across all hours worked.

32. At all relevant times, federal and District of Columbia law required Defendant to pay Plaintiffs one and one-half times their hourly rate for all hours worked over 40 in any one workweek.

33. Defendant knew that it was obligated to pay overtime wages under Federal and District of Columbia law.

34. The District of Columbia requires employers to provide employees with statements that itemize an employee's actual number of hours worked and the amount paid by hourly. D.C. Code § 32-1008 (b).

35. When Plaintiffs worked less than 80 hours in a two week pay period, Defendant stated the number of hours worked on Plaintiffs' paystubs

36. In contrast, when Plaintiffs worked more than 80 hours in a two week pay period, Defendant intentionally omitted the number of hours worked on Plaintiffs' paystubs.

37. For example, from October 18, 2015 – October 31, 2015, Plaintiff Perez worked 78 hours. Defendant clearly stated on the paystub that Plaintiff Perez worked 78 hours:



38.     In the following pay period, November 1, 2015 through November 14, 2015, Plaintiff

Perez worked 104 hours (104 hours X $11.00/hour = $1144.00). Defendant provided him with

the following paystub, which omits the number of hours worked:

| Stubs LLC   DBA  Lupo Verde | | | | | | |
|---|---|---|---|---|---|---|
| Address: 1101 4th Street SW, Washington, DC 20024   Phone: 202-531-1666 | | | | Processed by Corporate Payroll Services | | T |
| 15 | 500 | Perez, Rony | | 11/01/15   11/14/15 | 051844 | 11/20/15 |
| Employee ID | Department | Employee Name | | Period Begin   Period End | Check Number | Check Date |

| Payments | Hrs./Units | Current Amount | Year to Date | Deductions | Current Amount | Year to Date |
|---|---|---|---|---|---|---|
| Regular | .000 | 1144.00 | 25577.00 | Fed Withhold | 48.28 | 1039.39 |
|  |  |  |  | Soc Security | 70.92 | 1585.77 |
|  |  |  |  | Medicare | 16.59 | 370.87 |
|  |  |  |  | DC State W/H | 44.56 | 1005.47 |
|  |  |  |  | Advances | .00 | 200.00 |
|  |  |  |  | Uniform | .00 | 30.00 |

1362 Shepherd St, NW
Washington, DC 20011

Federal Marital Status:   S
Federal Exemptions:   4
DC State Marital Status:   S
DC State Exemptions:   4

| 1144.00 | 180.35 | 963.65 | 25577.00 | 4231.50 | 21345.50 |
|---|---|---|---|---|---|
| Pay Rate | Current Payments | Current Deductions | Net Pay | Y.T.D. Payments | Y.T.D. Deductions | Y.T.D. Net Pay |

39.     Defendant intentionally concealed the number of hours worked by Plaintiffs whenever

Plaintiffs worked overtime hours.

40.     At all relevant times, the annual gross volume of Defendant's business exceeded

$500,000.00.

6

41. At all relevant times, Defendant had two or more employees who handled goods and/or materials that had travelled in or been produced for interstate commerce.

42. At all relevant times, Defendant had the power to fire Plaintiffs.

43. At all relevant times, Defendant had the power to control Plaintiffs' work schedule.

44. At all relevant times, Defendant had the power to set Plaintiffs' rate of pay.

45. At all relevant times, Defendant did not maintain true and accurate records of each hour, day, and week worked by Plaintiffs, or of how much Plaintiffs were paid for Plaintiffs' work, as required by 29 C.F.R. § 516 and D.C. Code § 32-1008. Accordingly, the exact amount of hours worked by and wages owed to Plaintiffs will only be known through discovery.

46. Defendant intentionally did not post the notice of District of Columbia wage law required by D.C. Code § 32-1009.

47. Defendant did not provide Plaintiffs with actual or constructive notice of Plaintiffs' employee rights, within the meaning of D.C. Code § 32-1308(c)(2)(b).

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

48. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

49. Defendant is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

50. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1).

51. Defendant violated the FLSA by knowingly failing to pay Plaintiffs at least one and one-half times Plaintiffs' regular rate for hours worked in excess of 40 hours in any one workweek.

52. Defendant's violations of the FLSA were willful.

53. For its violations of the FLSA, Defendant is liable to Plaintiffs for unpaid overtime wages, an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## **COUNT II**
### **FAILURE TO PAY WAGES UNDER THE DCWPCL**

54. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

55. Defendant is an employer within the meaning of the DCWPCL, D.C. Code § 32-1301(1).

56. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

57. For purposes of the DCWPCL, "wages" include, among other things, overtime wages. D.C Code § 32-1301(3).

58. Defendant violated the DCWPCL when they knowingly failed to pay Plaintiff all wages earned, including overtime wages.

59. Defendant's violations of the DCWPCL were willful.

60. Defendant's violations of the DCWPCL were "continuous" within the meaning of the DCWPCL, D.C. Code § 32-1308(c).

61. For its violations of the DCWPCL, Defendant is liable to Plaintiffs for unpaid wages earned, an amount equal to three times the amount of unpaid wages as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendant, on all counts, and grant the following relief:

a. Award Plaintiffs **$87,576.00**, consisting of the following overlapping elements:

    i. unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

    ii. unpaid wages earned, plus three times the amount of unpaid wages earned as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b. Award Plaintiffs pre-judgment and post-judgment interest as permitted by law;

c. Award Plaintiffs reasonable attorneys' fees and expenses incurred in the prosecution of this action;

d. Award Plaintiffs court costs; and

e. Award any additional relief the Court deems just.

Date: March 9, 2016                                    Respectfully submitted,

/s/ Justin Zelikovitz, Esq.
Justin Zelikovitz, #986001
LAW OFFICE OF JUSTIN ZELIKOVITZ, PLLC
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiffs*